UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAOLO GABRIEL RODRIGUEZ,
et al.,

      Plaintiffs,

v.                                        CASE NO. 3:23-cv-388-WWB-SJH

VALLE ELITE REMODELING
SERVICES, LLC, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me on Plaintiffs['] Supplemental Motion for Reasonable Attorney's Fees and Expenses ("Motion"). Doc. 52. For the reasons herein, I respectfully **recommend** the Motion be **granted in part and denied in part**.

### I. Background

Plaintiffs obtained a default judgment against Defendants Valle Elite Remodeling Services, LLC, Sandra L. Blandon Moreno, and Richard Valle ("Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See* Docs. 29, 42, 45, 47, & 48. Judgments were entered against Defendants, jointly and severally, and in favor of Plaintiffs, Paolo Gabriel Rodriguez and Cesar Fabian Fernandez, in the respective amounts of $31,743 and $43,788. Docs. 47 & 48. Plaintiffs' Motion for Entitlement to Attorney's Fees and Expenses, Doc. 49, was granted, Doc. 50, and Plaintiffs now move under the bifurcated procedure in Local

Rule 7.01 for a determination on the amounts to be awarded, seeking $8,120 in attorney's fees and $1,023 in costs. Doc. 52 at 9.

## II. Standard

The FLSA authorizes an award of reasonable attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). The determination of a reasonable fee under § 216(b) "is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 940 (11th Cir. 2020) (quotation omitted). There is a "strong presumption" that the lodestar—"'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate'"—is reasonable. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019).[1] "Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested" and can rely on their own knowledge and experience in considering a reasonable fee. *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022); *see also Jackson*, 758 F. App'x at 850.

## III. Analysis

### a. Fees

Plaintiffs request $8,120 in attorney's fees, representing 20.30 attorney hours at a rate of $400 per hour by Daniel Schlade, a lawyer for more than twenty years who

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36–2.

has extensive experience in labor and employment matters, including FLSA claims. Doc. 52 at 4. In the absence of any objection or opposition, I find the requested rate for Attorney Schlade, the hours expended, and the resulting lodestar fee sought, to be reasonable for this case. *See Hernandez v. Drop Runner, LLC*, No. 8:23-cv-1302-TPB-JSS, 2023 WL 8720197, at *2-3 (M.D. Fla. Nov. 21, 2023) (finding $400 per hour a reasonable rate for Attorney Schlade, and itemized hours expended also reasonable, where defaulting defendant was deemed not to be in opposition), *report and recommendation adopted,* 2023 WL 8716602 (M.D. Fla. Dec. 18, 2023); *see also Egan v. Affordable Mechanics of Am., Inc.*, No. 8:23-cv-178-KKM-SPF, 2024 WL 2261588, at *4 (M.D. Fla. Jan. 11, 2024), *report and recommendation adopted*, 2024 WL 2261522 (M.D. Fla. Jan. 26, 2024). I thus recommend entry of judgment against Defendants, jointly and severally, for $8,120 in attorney's fees. *See Lozano*, 2022 WL 2317459, at *9.

### a. Costs and Post-Judgment Interest

Plaintiffs also request an award of $1,023 in costs. The requested costs are comprised of the filing fee and service costs, and they are identical to the taxable costs sought by Plaintiffs in their previously filed Bill of Costs. Doc. 52 at 3, 8; Doc. 52-1.[2] Specifically, in addition to the $402 filing fee, Plaintiffs seek service costs for serving

---

[2] I note that the bifurcated procedure under Local Rule 7.01 addresses "attorney's fees and related *non-taxable* expenses" (emphasis added) and that the Clerk of Court taxed costs as set forth in the Bill of Costs. Doc. 51. However, review of the Clerk's taxation of costs is permitted under Federal Rule of Civil Procedure 54(d). For the avoidance of doubt, the costs award I recommend is a review of, and not in addition to, the taxable costs sought by Plaintiffs.

each of the three Defendants each of the three complaints, which amounts to $69 per service. However, the maximum taxable fee for service is $65 per hour. *See Hernandez*, 2023 WL 8720197, at *3; *see also Vigil v. Primaso, Inc.*, No. 8:18-cv-1710-T-60CPT, 2020 WL 1976979, at *5 (M.D. Fla. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1974232 (M.D. Fla. Apr. 24, 2020); 28 C.F.R. § 0.114(a). Accordingly, I recommend Plaintiffs be awarded (i) the full requested filing fee; and (ii) service costs, but only in the amount of $585. *See Hernandez*, 2023 WL 8720197, at *3. That leads to a total costs award of $987.

Plaintiffs also seek post-judgment interest, Doc. 54 at 9, which I recommend be granted as mandatory in this FLSA action. *Id.* at *4.

## IV. Conclusion

For the reasons set forth above, I respectfully **recommend** that:

1. The Motion (Doc. 52) be **granted in part and denied in part.**

2. Plaintiffs be awarded against Defendants, jointly and severally, reasonable attorney's fees in the amount of $8,120.00, taxable costs in the amount of $987.00, and post-judgment interest calculated at the statutory rate.

3. The Clerk of Court be directed to include such an award in an amended final judgment along with the damages previously awarded to the respective Plaintiffs (Docs. 47 & 48).

4. The Clerk of Court be directed to close the file.

## NOTICE TO PARTIES

Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on August 12, 2024.

				Samuel J. Horovitz
				United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger, United States District Judge

Counsel of Record